NOT FOR PUBLICATION (Doc. Nos. 7, 10)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
LOWELL NOTTAGE, :
:
        Plaintiff, : Civil No. 12-03434 (RBK/JS)
:
        v. : **OPINION**
:
SUPERIOR COURT OF CUMBERLAND :
COUNTY, NEW JERSEY, et al. :
:
        Defendants. :
_____ :

**KUGLER**, United States District Judge:

      This matter comes before the Court on the motions of the Superior Court of New Jersey and Sun National Bank (collectively, "Defendants") to dismiss the complaint of Lowell Nottage ("Plaintiff"). Sun National Bank has moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1), respectively. Sun National Bank notes that Plaintiff's Complaint does not even mention the bank, much less plead facts that establish a legally cognizable claim against the institution. The State of New Jersey also moves to dismiss due to Plaintiff's failure to plead any facts, identify any causes of action, and properly allege federal jurisdiction. Plaintiff has not filed opposition to either of these motions. For the reasons expressed below, Defendants' motions to dismiss are **GRANTED**.

**I.    LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**II.    DISCUSSION**

The Federal Rules of Civil Procedure require pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff's complaint does not fulfill this requirement.

In the section of the complaint entitled "Statement of Claim," Plaintiff only indicates that the events giving rise to the claim occurred in Cumberland County. Plaintiff writes "unknown" when asked what date and approximate time the events giving rise to the claim occurred and leaves the entire "Facts" section blank. Attached to the Complaint are papers that Plaintiff presumably sent to the Department of Veterans Affairs and filed with the United States District Court for the Eastern District of Pennsylvania. None of these papers contain any facts that could be construed to state a claim against either the Superior Court of New Jersey or Sun National Bank. Sun National Bank is not even mentioned in the complaint or any of the attached documents.

Even reading Plaintiff's complaint with the liberal construction afforded pro se pleadings under Estelle v. Gamble, 429 U.S. 97, 106 (1976), the complaint lacks sufficient factual matter to state a claim against either defendant.

## III.     CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are GRANTED.  Plaintiff may file an amended complaint without first seeking leave of the Court on or before **March 25, 2013**.

Dated: 3/7/2013                                                             /s/ Robert B. Kugler
                                                                            ROBERT B. KUGLER
                                                                            United States District Judge